**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Chad Austin</u>

   v.                                                   Case No. 19-cv-291-PB

<u>FCI Cumberland, Warden</u>

**<u>REPORT AND RECOMMENDATION</u>**

    Chad Austin, an inmate at the Cumberland Federal Correctional Institution in Maryland, has filed a motion to appoint counsel (Doc. No. 1), which the clerk's office docketed as a petition seeking relief under 28 U.S.C. § 2241. Austin has also filed a motion entitled, "Motion to Set the Record Straight" (Doc. No. 3), explaining that he intended, in this action, to seek relief under 28 U.S.C. § 2255.

    Because Austin has previously unsuccessfully litigated a motion under 28 U.S.C. § 2255, this court would not have jurisdiction to hear a second § 2255 motion, unless the First Circuit granted Austin permission to file a second § 2255 motion here, <u>see generally</u> 28 U.S.C. §§ 2244, 2255(h). The First Circuit has not done so. This court is also not the appropriate forum for Austin to litigate claims under 28 U.S.C. § 2241, as this court does not have jurisdiction over Austin's custodian.

    A transfer of this matter to the First Circuit, pursuant to 28 U.S.C. § 1631, would allow that court to consider whether

Austin may be granted leave to file a successive § 2255 motion here.  Such a transfer is consistent with the interests of justice, as Austin avers he has new evidence that warrants further consideration under § 2255.  Accordingly, the magistrate judge recommends that the district judge:

>    1.   Deny the pending motions without prejudice (Doc. Nos. 1, 3);
>
>    2.   Recharacterize this case as a successive § 2255 motion; and
>
>    3.   Transfer this matter to the First Circuit, to allow that court to consider whether Austin may be granted leave to file a second § 2255 motion in this court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

April 3, 2019

cc:   Chad Austin, pro se